FILED
MAY 1 0 2011
CLERK, U.S. DISTRICT COURT
By M.F.
Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re FOSSIL, INC. DERIVATIVE LITIGATION | § | Civil Action No. 3:06-cv-01672-F |
| | § | |
| This Document Relates To: | § | |
| ALL ACTIONS. | § | |

## ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE

BEFORE THE COURT is the Notice Of Motion And Motion For Preliminary Approval Of Derivative Settlement (Docket No. 193). A hearing was held in this matter on May 9, 2011. After considering the Motion, the applicable law and the arguments of counsel, the Court finds that the Motion for Preliminary Approval should be GRANTED.

WHEREAS, the Parties have made application, pursuant to Federal Rule of Civil Procedure 23.1, for an order preliminarily approving the settlement of the Action, in accordance with a Stipulation and Agreement of Settlement dated May 4, 2011 (the "Stipulation"), which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement ("Settlement") and dismissal of the Action with prejudice, upon the terms and conditions set forth therein;

WHEREAS, the Court has been advised that the approval of this Court will constitute the basis for an exemption, pursuant to Section 3(a)(10) of the Securities Act of 1933, as amended (the "Securities Act"), from the registration requirements of the Securities Act with respect to the Stock Award and the Option Award and any shares of common stock issued upon exercise of the Option Award;

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (in addition to those capitalized terms defined herein); and

WHEREAS, the Court having considered the Stipulation and the Exhibits annexed thereto and having heard the arguments of the Parties at the preliminary hearing.

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the Settlement set forth therein, including the terms and conditions for settlement and dismissal with prejudice of the Action.

2. A hearing (the "Settlement Hearing") shall be held before this Court on **June 30, 2011, at 4:00 p.m.**, to determine whether: (i) the Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Parties, Current Fossil Shareholders and Plaintiffs' Counsel; (ii) whether a Judgment as provided in ¶1.11 of the Stipulation should be entered; and (iii) whether the Stock Award and the Option Award should be approved.

3. The Court approves, as to form and content, the Notice of Proposed Settlement of Shareholder Derivative Action ("Notice") and the Summary Notice of Proposed Settlement of Shareholder Derivative Action ("Summary Notice") attached as Exhibits to the Stipulation, annexed as Exhibits A-1 and A-2 hereto, and finds that the posting and publishing of such notices, respectively, substantially in the manner and form set forth in this Order, meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

4. Not later than ten calendar days following entry of this Order, Fossil shall cause the Summary Notice, substantially in the form annexed as Exhibit A-2 hereto, to be published once in *Investor's Business Daily*.

5. Not later than ten calendar days following entry of this Order, Fossil shall cause the Notice, substantially in the form annexed as Exhibit A-1 hereto, and the Stipulation to be posted on its website, such that visitors to the website home page will readily find a hyperlink to the Notice and Stipulation.

6. Not later than ten calendar days following entry of this Order, Fossil shall cause a copy of the Notice to be filed with the SEC as a filing on Form 8-K.

7. At least twenty-one calendar days prior to the Settlement Hearing, Fossil shall serve on counsel in the Action and file with the Court proof, by affidavit or declaration, of compliance with ¶¶4-6 above.

8. All costs incurred in filing and publication of the Notice, Summary Notice, and Stipulation shall be paid by Fossil.

9. All Current Fossil Shareholders shall be bound by all orders, determinations, and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Current Fossil Shareholders.

10. Pending final determination of whether the Settlement should be approved, no Current Fossil Shareholder, shall commence or prosecute against any of the Released Parties or Fossil, any action or proceeding in any court or tribunal asserting any of the Released Claims.

11. All papers in support of the Settlement shall be filed with the Court and served at least fourteen calendar days prior to the objection deadline in ¶12. All reply papers shall be filed with the Court and served at least seven days prior to the Settlement Hearing.

12. Any Current Fossil Shareholder may object and/or appear and show cause, if he, she or it has any concern, why the Settlement of the Action, including the Stock Award and the Option Award, should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon; provided, however, unless otherwise ordered by the Court, no Current Fossil Shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, unless that shareholder has, at least fourteen calendar days prior to the Settlement Hearing: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth: (a) the nature of the objection; (b) proof of ownership of Fossil common stock through the date of the Settlement Hearing, including the number of shares of Fossil common stock and the date of purchase; and (c) any documentation in support of such objection; and (2) if a Current Fossil Shareholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court: (a) a written notice of such shareholder's intention to appear; (b) a statement that indicates the basis for such appearance; and (c) the identities of any witnesses the shareholder intends to call at the Settlement Hearing and the subjects of their testimony. If a Current Fossil Shareholder files a written objection and/or written notice of intent to appear, such shareholder must also simultaneously serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such shareholder files with the Court (either by hand delivery or by First-Class Mail) upon each of the following thereof:

ROBBINS GELLER RUDMAN
& DOWD LLP
JEFFREY D. LIGHT
655 West Broadway, Suite 1900
San Diego, CA 92101

ROBBINS UMEDA LLP
SHANE P. SANDERS
600 B Street, Suite 1900
San Diego, CA 92101
*Co-Lead Counsel for Plaintiffs*

FISH & RICHARDSON
GEOFFREY S. HARPER
1717 Main Street, Suite 5000
Dallas, TX 75201
*Counsel for Defendants*

The written objection and copies of any papers and briefs in support thereof to be filed in Court shall be delivered by hand or sent by First-Class Mail to:

**Clerk of the Court**
U.S. District Court, Northern District of Texas
1100 Commerce Street, Room 1452
Dallas, TX 75242

Any Current Fossil Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement as incorporated in the Stipulation, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

13. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be offered, attempted to be offered or used in any way by the Parties as a presumption, a concession or an admission of, or evidence of, any fault, wrongdoing or liability of the Individual Defendants or Fossil, or of the validity of any Released Claims; or (b) is intended by the Parties to be offered or received as evidence or used by any other person in any other action or proceeding, whether civil, criminal, or administrative. Released Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or

counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to the Current Fossil Shareholders, and retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

15. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Current Fossil Shareholders.

IT IS SO ORDERED.

SIGNED this 10th day of May, 2011.

Royal Furgeson
Senior United States District Judge

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re FOSSIL, INC. DERIVATIVE LITIGATION | § | Civil Action No. 3:06-cv-01672-F |
| | § | |
| This Document Relates To: | § | |
| ALL ACTIONS. | § | |

**NOTICE OF PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE ACTION**

**EXHIBIT A-1**

**TO: ALL CURRENT RECORD HOLDERS AND BENEFICIAL OWNERS OF COMMON STOCK OF FOSSIL, INC. ("FOSSIL" OR THE "COMPANY") AS OF MAY 4, 2011 (THE "RECORD DATE") ("CURRENT FOSSIL SHAREHOLDERS")**

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF THE ABOVE-CAPTIONED SHAREHOLDER DERIVATIVE ACTION AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS. YOUR RIGHTS MAY BE AFFECTED BY THESE LEGAL PROCEEDINGS. IF THE COURT APPROVES THE SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE RELEASED CLAIMS.**

**IF YOU HOLD FOSSIL COMMON STOCK FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER.**

**THE COURT HAS MADE NO FINDINGS OR DETERMINATIONS CONCERNING THE MERITS OF THE ACTION. THE RECITATION OF THE BACKGROUND AND CIRCUMSTANCES OF THE SETTLEMENT CONTAINED HEREIN DOES NOT CONSTITUTE THE FINDINGS OF THE COURT. IT IS BASED ON REPRESENTATIONS MADE TO THE COURT BY COUNSEL FOR THE PARTIES.**

Notice is hereby provided to you of the proposed settlement (the "Settlement") of this shareholder derivative lawsuit. This Notice is provided by Order of the United States District Court for the Northern District of Texas, Dallas Division (the "Court"). It is not an expression of any opinion by the Court. It is to notify you of the terms of the proposed Settlement, and your rights related thereto.

## I. WHY THE COMPANY HAS ISSUED THIS NOTICE

Your rights may be affected by the Settlement of the derivative action styled *In re Fossil, Inc. Derivative Litigation*, Civil Action No. 3:06-cv-01672-F. City of Pontiac Policeman's and Fireman's Retirement System and Robert B. Minich ("Plaintiffs"); Tom Kartsotis, Kosta N. Kartsotis, Michael W. Barnes, Jal S. Shroff, Alan J. Gold, Kenneth W. Anderson, Donald J. Stone, Michael Steinberg, Caden Wang, Richard H. Gundy, Mark D. Quick, Randy S. Kercho, Michael L. Kovar, Thomas R. Tunnell, Randy S. Hyne, Stephen Bock, and Junichi Hattori ("Individual Defendants"); and nominal party Fossil (Fossil and the Individual Defendants collectively,

"Defendants"), have agreed upon terms to settle the Action on the terms set forth in the Stipulation and Agreement of Settlement dated May 4, 2011 ("Stipulation") which can be viewed and/or downloaded at www.fossil.com.

On June 30, 2011, at 4:00 p.m., the Court will hold a hearing (the "Final Hearing") in the Action. The purpose of the Final Hearing is (1) to determine: (i) whether the terms of the Settlement are fair, reasonable, and adequate and should be approved; (ii) whether a final judgment should be entered; and (iii) such other matters as may be necessary or proper under the circumstances and (2) to approve the issuance of shares of Fossil common stock and options to acquire shares of Fossil common stock as payment of Plaintiffs' Counsel's attorneys' fees and expenses under Section 3(a)(10) ("Section 3(a)(10)") of the Securities Act of 1933, as amended.

## II. SUMMARY OF THE ACTION

On September 13, 2006, plaintiff City of Pontiac Policeman's and Fireman's Retirement System filed a complaint in the United States District Court for the Northern District of Texas under the caption *City of Pontiac Policeman's and Fireman's Retirement System v. Kartsotis, et al.*, Case No. 3:06-cv-01672-P. On October 26, 2006, plaintiff Robert B. Minich filed a complaint under the caption *Minich v. Kartsotis, et al.*, Case No. 3:06-cv-01977-M, in the same Court. The two complaints were consolidated by order dated November 29, 2006, under the caption *In re Fossil, Inc. Derivative Litigation*, Case No. 3:06-cv-01672 (the "Action"). On December 13, 2006, the City of Pontiac Policeman's and Fireman's Retirement System and Robert B. Minich were appointed by the Court as Co-Lead Plaintiffs, and the law firms of Robbins Geller Rudman & Dowd LLP and Robbins Umeda LLP were appointed as Co-Lead Counsel.

On February 12, 2007, Plaintiffs filed their Consolidated Verified Shareholder Derivative Complaint. Plaintiffs bring derivative claims on behalf of Fossil and against certain of its current and former officers and directors for alleged violations of §§10(b) and 14(a) of the Securities

Exchange Act of 1934 ("Exchange Act"), breaches of fiduciary duty, abuse of control, constructive fraud, corporate waste, unjust enrichment, and gross mismanagement. Plaintiffs allege that the Individual Defendants engaged in the backdating of stock option grants, received backdated options and/or were otherwise aware of the backdating of stock options to dates when the Company's shares were trading at or near the lowest price for the relevant period in breach of their fiduciary duties to Fossil and its shareholders.

On May 7, 2007, Fossil issued a final report announcing the findings of its "Special Committee" of Fossil directors with respect to their investigation of the Company's historical equity granting practices. The Special Committee determined that option grants between at least 1999 and the second quarter of 2006 used incorrect measurement dates and that, with respect to certain option grants up to and including 2002, "favorable grant dates were selected with the benefit of hindsight." Fossil issued restatements for 2004 through 2006 to account for understated compensation expenses and overstated income, net income, and earnings per share for a non-cash charge with total financial impact of approximately $16 million.

On June 29, 2007, Plaintiffs filed their First Amended Consolidated Verified Shareholder Derivative Complaint ("First Amended Complaint"), which included allegations based upon the final report issued by Fossil's Special Committee. On July 6, 2007, August 6, 2007, and August 21, 2007 respectively, the Company and certain Individual Defendants, Thomas R. Tunnell, and Randy S. Kercho filed three separate motions to dismiss the First Amended Complaint (the "Motions to Dismiss") pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(6), and 23.1 and the Private Securities Litigation Reform Act of 1995 ("PSLRA").

For several months thereafter, while the Motions to Dismiss were still pending, the Parties to the Action and their respective counsel engaged in good faith, arm's-length negotiations in an effort to resolve the claims alleged in the Action. On July 29, 2008, the Parties and their respective

counsel attended their first full-day mediation session before the Honorable Edward A. Infante (Ret.). The Parties' first attempt at mediation and settlement was unsuccessful.

On July 15, 2009, after the Motions to Dismiss were fully briefed, the Court held a hearing to consider arguments from the Parties and their respective counsel. On July 17, 2009, the Court denied all three Motions to Dismiss and issued an order requiring Plaintiffs to partially re-plead their Rule 10b-5 and Section 14(a) claims.

On August 3, 2009, the Court issued an order referring the Parties to a second mediation. On October 22, 2009, the Parties attended a mediation before Antonio Piazza. The Parties' second attempt at mediation and settlement was unsuccessful.

On October 13, 2009, Plaintiffs filed their Second Amended Consolidated Verified Shareholder Derivative Complaint ("Second Amended Complaint"). On December 9, 2009, Defendants moved to dismiss the Second Amended Complaint (the "Second Motion to Dismiss"). Plaintiffs filed their opposition to the Second Motion to Dismiss on January 7, 2010, and the Defendants filed their reply on January 14, 2010. On January 19, 2010, the Court held a hearing to consider arguments from the Parties and their respective counsel. On May 19, 2010, the Court denied Defendants' Second Motion to Dismiss in its entirety.

On August 15, 2010, the parties and their respective counsel attended a three-day long mediation before the Honorable Howard B. Wiener (Ret.), a highly experienced securities mediator ("August 15 Mediation"). Although the Action did not settle at the August 15 Mediation, as a result of the foregoing and continued good-faith negotiations among the Parties and their respective counsel, the Parties reached an agreement-in-principle to settle the Action.

All Parties to the Action have agreed to a resolution of the claims asserted therein and any and all claims which could have been asserted therein, as set forth in the Stipulation. Plaintiffs,

Fossil, and their counsel concur that the Settlement described in the Stipulation provides substantial benefits to Fossil and its shareholders.

## III. TERMS OF THE PROPOSED DERIVATIVE SETTLEMENT

The principal terms, conditions, and other matters that are part of the Settlement, are summarized below. This summary should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation, which has been filed with the Court and can be viewed and/or downloaded at www.fossil.com.

The Parties, with the substantial assistance of the mediator, the Honorable Howard B. Wiener, Justice of the California Court of Appeal (Ret.), have reached an agreement to globally resolve the Action. The Settlement includes valuable financial and corporate governance benefits for Fossil and its shareholders, as detailed below.

1. Financial Benefits. As a result of the filing, prosecution, and settlement of the Action, the Individual Defendants' insurance carriers shall pay the Company $8,666,666.66 in cash.

2. Corporate Governance Measures. Fossil and Plaintiffs have conducted extensive, arm's-length negotiations and have reached agreement regarding various corporate governance issues, including internal controls and procedures at the Company. As a result of the filing, prosecution, and settlement of the Action, the Company will or has, among other things, revised option measurement dates, reprimanded certain officers and directors, improved internal controls, changed its board composition and practices, established "majority voting" for election of directors, changed compensation practices, including stock option plans and option granting practices and procedures, adopted a policy regarding forfeiture of profits from the exercise of options, and established enhanced director independence standards and director and stock ownership requirements. Fossil and the Individual Defendants acknowledge and agree that the Action was a material causal factor in the Company's decision to implement these measures. Fossil further

acknowledges and agrees that these measures are significant and extensive and confer substantial benefits upon Fossil and its shareholders by, among other things, helping to prevent the manipulation of stock options and other equity awards in the future.

3. The Stipulation also provides for the entry of judgment dismissing the Action against Fossil and the Individual Defendants with prejudice and, as explained in more detail in the Stipulation, barring and releasing certain known or unknown claims that have been or could have been brought in any court by the Plaintiffs in the Action or by Fossil, or any of its shareholders, derivatively against Fossil and the Individual Defendants relating to any of the claims or matters that were or could have been alleged concerning Fossil's stock option granting practices, disclosures or any other matter related to the allegations in the Action.

## IV. PLAINTIFFS' ATTORNEYS' FEES AND EXPENSES

After negotiating the financial benefits to Fossil and the corporate governance measures, counsel for the Plaintiffs and the Company, with the substantial assistance of the mediator, the Honorable Howard B. Wiener (Ret.), negotiated the attorneys' fees that Fossil would pay to Plaintiffs' Counsel. As a result of these negotiations, and in light of the substantial benefit conferred, Fossil has agreed to pay Plaintiffs' Counsel for their attorneys' fees and expenses 85,423 shares of Fossil common stock, as of May 4, 2011 and stock options for the right to acquire up to 32,000 shares of Fossil common stock pursuant to Section 3(a)(10) subject to certain conditions, adjustments and modifications contained in the Stipulation ("Fee Award"). To date, Plaintiffs' Counsel have not received any payments for their efforts. The Fee Award will compensate Plaintiffs' Counsel for their efforts in prosecuting this Action and the substantial benefits achieved for Fossil and its shareholders.

## V. REASONS FOR THE SETTLEMENT

The Court did not decide in favor of the Plaintiffs or the Defendants. The proposed Settlement was negotiated at length by attorneys for the Parties with the substantial assistance of

Judge Wiener. The attorneys for all of the Parties have extensive experience in shareholder derivative cases, and they all believe the Settlement is in the best interest of their clients. Fossil and Plaintiffs believe that the Settlement provides substantial benefits upon Fossil and its shareholders.

**A. Why Did Plaintiffs Agree to Settle?**

Plaintiffs' Counsel conducted an extensive investigation relating to the claims and the underlying events and transactions alleged in the Action. Plaintiffs' Counsel have analyzed the evidence adduced during their investigation, and have researched the applicable law with respect to the claims of Plaintiffs, and Fossil and its shareholders against the Defendants and the potential defenses thereto.

Based upon their investigation as set forth above, Plaintiffs and their counsel have concluded that the terms and conditions of the Stipulation are fair, reasonable, and adequate to Plaintiffs, Current Fossil Shareholders, and Fossil, and in their best interests, and have agreed to settle the claims raised in the Action pursuant to the terms and provisions of the Stipulation after considering, among other things: (a) the substantial benefits that Fossil and its shareholders have received or will receive from the Settlement, (b) the attendant risks of continued litigation of the Action, (c) actions taken by the Company and its Board of Directors in response to alleged options dating issues at Fossil, and (d) the desirability of permitting the Settlement to be consummated.

In particular, Plaintiffs and their counsel considered the significant litigation risk inherent in this shareholder derivative action. The law imposes significant burdens on plaintiffs for pleading and proving a shareholder derivative claim. While Plaintiffs believe their claims are meritorious, Plaintiffs acknowledge that there is a substantial risk that the Action may not succeed in producing a recovery in light of the applicable legal standards and possible defenses. Plaintiffs and their counsel believe that, under the circumstances, they have obtained the best possible relief for Fossil and its shareholders.

### B. Why Did the Defendants Agree to Settle?

The Individual Defendants have strenuously denied, and continue strenuously to deny, each and every allegation of liability made against them or that could have been made against them in the Action, and assert that they have meritorious defenses to those claims and that judgment should be entered dismissing all claims against them with prejudice. The Individual Defendants have thus entered into the Stipulation solely to avoid the continuing additional expense, inconvenience, and distraction of this burdensome litigation and to avoid the risks inherent in any lawsuit, and without admitting any wrongdoing or liability whatsoever.

## VI. FINAL HEARING

On June 30, 2011, at 4:00 p.m., the Court will hold the Final Hearing at 1100 Commerce Street, Dallas, Texas. At the Final Hearing, the Court will consider whether the terms of the Settlement are fair, reasonable, and adequate and thus should be finally approved and whether the Action should be dismissed with prejudice pursuant to the Stipulation.

## VII. RIGHT TO ATTEND FINAL HEARING

Any Current Fossil Shareholder may, but is not required to, appear in person at the Final Hearing. If you want to be heard at the Final Hearing, then you must first comply with the procedures for objecting, which are set forth below. The Court has the right to change the hearing dates or times without further notice. Thus, if you are planning to attend the Final Hearing, you should confirm the date and time before going to the Court. ***CURRENT FOSSIL SHAREHOLDERS WHO HAVE NO OBJECTION TO THE SETTLEMENT DO NOT NEED TO APPEAR AT THE FINAL HEARING OR TAKE ANY OTHER ACTION.***

## VIII. RIGHT TO OBJECT TO THE SETTLEMENT AND PROCEDURES FOR DOING SO

You have the right to object to any aspect of the Settlement. You must object in writing, and you may request to be heard at the Final Hearing. If you choose to object, then you must follow these procedures.

### A. You Must Make Detailed Objections in Writing

Any objection must be presented in writing and must contain the following information:

1. Your name, legal address, and telephone number;

2. Proof of being a Current Fossil Shareholder as of the Record Date;

3. The date(s) you purchased your Fossil shares;

4. A statement of your position with respect to the matters to be heard at the Final Hearing, including a statement of each objection being made;

5. The grounds for each objection or the reasons for your desiring to appear and to be heard;

6. Notice of whether you intend to appear at the Final Hearing (this is not required if you have lodged your objection with the Court); and

7. Copies of any papers you intend to submit to the Court, along with the names of any witness(es) you intend to call to testify at the Final Hearing and the subject(s) of their testimony.

8. The Court may not consider any objection that does not substantially comply with these requirements.

### B. You Must Timely Deliver Written Objections to the Court, Plaintiffs' Counsel, and Defendants' Counsel

YOUR WRITTEN OBJECTIONS MUST BE ON FILE WITH THE CLERK OF THE COURT NO LATER THAN JUNE 16, 2011. The Court Clerk's address is:

Clerk of the Court
United States District Court
Northern District of Texas
1100 Commerce Street, Room 1452
Dallas, TX 75242

YOU ALSO MUST DELIVER COPIES OF THE MATERIALS TO PLAINTIFFS' COUNSEL AND COUNSEL FOR DEFENDANTS SO THEY ARE RECEIVED NO LATER THAN JUNE 16, 2011. Counsel's addresses are:

***Counsel for Plaintiffs***

Jeffrey D. Light
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Shane P. Sanders
ROBBINS UMEDA LLP
600 B Street, Suite 1900
San Diego, CA 92101

***Counsel for certain of the Individual Defendants***

Geoffrey S. Harper
FISH & RICHARDSON
1717 Main Street, Suite 5000
Dallas, TX 75201

Unless the Court orders otherwise, your objection will not be considered unless it is timely filed with the Court and delivered to Plaintiffs' Counsel and counsel for the Individual Defendants.

Any Person or entity who fails to object or otherwise request to be heard in the manner prescribed above will be deemed to have waived the right to object to any aspect of the Settlement or otherwise request to be heard (including the right to appeal) and will be forever barred from raising such objection or request to be heard in this or any other action or proceeding, unless otherwise ordered by the Court.

## IX. HOW TO OBTAIN ADDITIONAL INFORMATION

This Notice summarizes the Stipulation. It is not a complete statement of the events of the Action or the Stipulation.

You may inspect the Stipulation and other papers in the Action at the United States District Clerk's office at any time during regular business hours of each business day. The Clerk's office is

located at the United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, Texas.

PLEASE DO NOT CALL, WRITE, OR OTHERWISE DIRECT QUESTIONS TO EITHER THE COURT OR THE CLERK'S OFFICE. Any questions you have about matters in this Notice should be directed by telephone to 800/449-4900 or in writing to Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101.

DATED: May 9, 2011

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re FOSSIL, INC. DERIVATIVE LITIGATION | § | Civil Action No. 3:06-cv-01672-F |
| | § | |
| | § | |
| This Document Relates To: | § | |
| | § | |
| ALL ACTIONS. | § | |
| | § | |

**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE ACTION**

**EXHIBIT A-2**

**TO: ALL CURRENT RECORD HOLDERS AND BENEFICIAL OWNERS OF COMMON STOCK OF FOSSIL, INC. ("FOSSIL" OR THE "COMPANY") AS OF MAY 4, 2011 ("CURRENT FOSSIL SHAREHOLDERS")**

PLEASE TAKE NOTICE that the above-captioned shareholder derivative litigation (the "Litigation"), is being settled on the terms set forth in a Stipulation and Agreement of Settlement dated May 4, 2011 (the "Stipulation").[1] The terms of the settlement set forth in the Stipulation (the "Settlement") include: (1) the payment of $8,666,666.66 in cash to Fossil by the Individual Defendants' insurance carriers; (2) the adoption and/or implementation of a variety of corporate governance measures, including measures that relate to and address many of the underlying issues in the Litigation, including, but not limited to, director independence, director stock ownership requirements, membership and board election procedures, and stock option granting procedures; and (3) Fossil's payment of Plaintiffs' Counsel's attorneys' fees and expenses in an amount of shares of Fossil common stock calculated pursuant to the Stipulation based on the delivery date of the shares, which amount would be 85,423 shares of Fossil common stock, as of May 4, 2011, (the "Stock Award") and stock options for the right to acquire up to 32,000 shares of Fossil common stock (the "Option Award") pursuant to Section 3(a)(10) of the Securities Act of 1933, as amended, ("Section 3(a)(10)") and subject to certain conditions, adjustments and modifications in the Stipulation.

IF YOU ARE A CURRENT FOSSIL SHAREHOLDER, YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THE LITIGATION.

On June 30, 2011, at 4:00 p.m., a hearing (the "Settlement Hearing") will be held before the United States District Court for the Northern District of Texas, 1100 Commerce Street, Dallas, TX

---

[1] This notice should be read in conjunction with, and is qualified in its entirety by reference to, the text of the Stipulation and a more detailed Notice, which have been filed with the Court and can be viewed at www.fossil.com. All capitalized terms herein have the same meanings as set forth in the Stipulation.

75242, to (1) determine (i) whether the terms of the Settlement should be approved as fair, reasonable, and adequate and (ii) whether the Litigation should be dismissed on the merits and with prejudice and (2) approve the issuance of the Stock Award and Option Award under Section 3(a)(10).

Any shareholder of Fossil that objects to the Settlement of the Litigation shall have a right to appear and to be heard at the Settlement Hearing, provided that he or she was a shareholder of record or beneficial owner as of May 4, 2011. Any shareholder of Fossil who satisfies this requirement may enter an appearance through counsel of such shareholder's own choosing and at such shareholder's own expense or may appear on their own. However, no shareholder of Fossil shall be heard at the Settlement Hearing unless no later than June 16, 2011, such shareholder has filed with the Court and delivered to Plaintiffs' Counsel and Defendants' Counsel, a written notice of objection, their ground for opposing the Settlement, and proof of both their status as a shareholder and the dates of stock ownership in Fossil. Only shareholders who have filed and delivered valid and timely written notices of objection will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise.

If you wish to object to the Settlement, you must file a written objection setting for the grounds for such an objection with the Court on or before June 16, 2011 with service on the following parties:

***Counsel for Plaintiffs***

Jeffrey D. Light
ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Shane P. Sanders
ROBBINS UMEDA LLP
600 B Street, Suite 1900
San Diego, CA 92101

***Counsel for certain of the Individual Defendants***

Geoffrey S. Harper
FISH & RICHARDSON
1717 Main Street, Suite 5000
Dallas, TX 75201

Inquiries may be made to Plaintiffs' Counsel: Rick Nelson, c/o Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101; telephone 1-800-449-4900.

DATED: May 9, 2011

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS