U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL - 6 2011
CLERK, U.S. DISTRICT COURT
By ________ Deputy 1:24 p.m.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re FOSSIL, INC. DERIVATIVE LITIGATION | § | Civil Action No. 3:06-cv-01672-F |
| | § | |
| This Document Relates To: | § | |
| ALL ACTIONS. | § | |

**FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**

This matter came before the Court for hearing pursuant to the Order of this Court, dated May 10, 2011 ("Order"), on the application of the Parties for approval of the settlement ("Settlement") set forth in the Stipulation and Agreement of Settlement dated May 4, 2011 (the "Stipulation"). Due and adequate notice having been given to the Current Fossil Shareholders as required in said Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.
2. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement, and over all parties to the Action, including the Plaintiffs, Current Fossil Shareholders, the Individual Defendants, and Fossil.
3. The Court finds that the Settlement is fair, reasonable, and adequate as to each of the Parties, Plaintiffs' Counsel and Current Fossil Shareholders, and hereby finally approves the Stipulation and Settlement in all respects, finds that the Settlement provides substantial

benefits to Fossil and its shareholders, and orders the Parties to perform its terms to the extent the Parties have not already done so.

4. The Action and all claims contained therein, as well as all of the Released Claims, are dismissed with prejudice. As between Plaintiffs, Fossil, and the Individual Defendants, the Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. Upon the Effective Date, Fossil, Plaintiffs (acting derivatively on behalf of Fossil) and each of Fossil's shareholders (solely in their capacity as Fossil shareholders) shall be deemed to have, and by operation of this Judgment shall be deemed to have, released, waived, discharged, and dismissed all Released Claims and shall forever be barred and enjoined from instituting, commencing, and prosecuting any and all Released Claims, against any of the Released Parties. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

6. Upon the Effective Date, Defendants, and each of their Related Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims, arising out of, relating to, or in connection with their institution, prosecution, assertion, settlement, or resolution of the Action or Released Claims. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation.

7. The Court finds that the Summary Notice of Proposed Settlement of Shareholder Derivative Action published in *Investor's Business Daily,* the Notice of Proposed Settlement of Shareholder Derivative Action ("Notice") and Stipulation posted on Fossil's website, and the Notice filed by Fossil with the United States Securities and Exchange Commission via a Form 8-K, satisfied the requirements of Federal Rule of Civil Procedure 23. 1, Section 3(a)(10) ("Section 3(a)(10)") of the Securities Act of 1933, as amended (the "Securities Act"), and the requirements of due process.

8. The Court finds that during the course of the Action, the Parties and their counsel, at all times, complied with Federal Rule of Civil Procedure 11 and all other similar laws.

9. The Court finds that the issuance of the Stock Award and the Option Award as payment of Plaintiffs' Counsel's attorneys' fees and expenses is fair and reasonable, both from a procedural and substantive point of view, to the Parties, Plaintiffs' Counsel and Current Fossil Shareholders and hereby directs Fossil to transfer the stock and options contemplated by the Stock Award and the Option Award in accordance with the terms set forth in the Stipulation.

10. Pursuant to Section 3(a)(1 0), the Court finds that by virtue of the Court's approval of the Settlement, the issuance of the Stock Award and the Option Award by Fossil as part of the settlement for distribution to Plaintiffs' Counsel shall be without registration under the Securities Act in reliance upon the exemption under Section 3(a)(10) thereto.

11. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Individual Defendants and/or the Related Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Individual Defendants and/or the Related Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Fossil, the Individual Defendants, and/or the Related Persons may file the Stipulation and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) the Parties for the purpose of construing, enforcing, and administering the Stipulation and Settlement, including, if necessary, setting aside and vacating this Judgment, on motion of a party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

13. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

SIGNED this 6th day of ~~June~~ July, 2011.

Royal Furgeson
Senior United States District Judge